By the Court.
SlossoN, J.
The action is for goods, sold and delivered to the defendants, as composing the copartnership firm of Waller & Burr, the complaint alleging that Waller was doing business in the name of his wife, Rachel Waller.
Henrietta Burr answers by attorney, putting the copartnership in issue, and for a further answer, setting up coverture, before and at the time of the alleged delivery of the goods, and that James P. Burr was then, and still is her husband, and is living. The answer was sworn to by her in the usual form. Upon these issues the parties went to trial, and a verdict was rendered for the plaintiff, under the direction of the court, subject to the opinion of the court, on a case to be made by the plaintiff, and to be heard in the first instance at a General Term, with the usual liberty.
The only question necessary to consider, is that arising upon the plea of coverture. At common law, a married woman could only plead her coverture in proper person. She was incompetent to appoint an attorney. Such an appointment would be error on the record, and void. (1 Sellon’s Prac. 100 ; Archibald’s Prac. tit. Attorneys; id. tit. baron and feme, actions by and against; Wood, arguendo, 3 D. and E. 628, 629 ; Oulde v. Samson, 3 Taunt. 261.)
Eor the plaintiff it is now contended, that having appeared by attorney, she is estopped by that act, from setting up her cover-ture : in other words, that she is concluded by an act, which she was not competent to perform, from alleging the disability which rendered her incompetent.
On the part of the defendant, it is contended that this common law rule no longer prevails — that it is abolished by the Revised Statutes, (2 R. S. 276; marg. page, § 11,) that a plea in abatement no longer exists under the Code, and that the present is not a casé of an appearance by attorney, but of an appearance in person; *115 and further, that tbe plaintiff, by going to trial without taking steps to have a next friend appointed for her, has waived the defect.
If this answer is to be treated as an appearance in person, then undoubtedly, under the Code, she should have answered by next friend, or the answer, might, on motion, have been stricken from the files. (Henderson v. Easton, 8 Pr. E. 201; Code, § 114.) We consider, however, the answer as by attorney, and not in person. Then, assuming the common law rule not to have been abolished by the Eevised Statutes, is she estopped from setting up her coverture by her appointment of an attorney ? It is difficult to understand this proposition.
It is a novel idea that a married woman, who is not estopped by her own covenant," in a deed, (17 J. E. 167; 2 Barb. Oh. E. 814,) can be estopped by the act of appointing an attorney, which she is equally incompetent to perform.
If she is incompetent to appoint an attorney, then her answer by attorney is a mere nullity, and might, on motion, have been stricken from the files, and this should have been the plaintiff’s course of proceeding, under his view, of this question.
The provision of the Eevised Statutes referred to, as abolishing the old common law rule, that a married woman could not appear by attorney, is but a re-enactment of the provisions of the Eevised Laws of 1813. (See 1 E. L. 416, § 1, re-enacting the law of 1801., 1 Kent & Eadcliff ⅛ edition, 219, § 1.)
It is, however, unnecessary to consider whether these provisions, in effect, abolish the rule or not.
It is a conclusive answer to all these objections, that the parties have treated the answer as a good one, and gone to' trial upon it. Evidence of Mrs. Burr’s marriage was received without objection, and the coverture fully established. We think the plaintiff too late in his objection. (Corning v. Corning, 2 Seld. 97.)
The complaint should be dismissed as to both defendants, with costs, unless the plaintiff elect to take judgment against the defendant Waller alone, in which case it must be dismissed as to Mrs. Burr, with costs. Such election to be made within twenty-days after notice of this judgment. ,